**In re SHADELAND BEACH IMPROVEMENT Co.**

No. 15340.

District Court, W. D. Pennsylvania.

May 13, 1931.

Curtis L. Webb, of Meadville, Pa., for receiver.

Kountz & Fry, of Pittsburgh, Pa., for Acme Equipment Co. and R. O. Murphy.

A. G. Richmond, of Meadville, Pa., for referee.

SCHOONMAKER, District Judge.

This case now comes before the court on petition to review an order of the referee in bankruptcy entered February 20, 1931, making absolute a rule to show cause granted by the referee upon the petition of the receiver, the effect of which order is to direct that a certain steam shovel, claimed by the receiver to be a part of the bankrupt estate, be returned to the receiver; and that the Acme Equipment Company pay the receiver the sum of $193.75 out of certain moneys received by said company on account of a bailment contract made by the said Acme Equipment Company with Warren P. Smith. The Acme Company is protecting the right of the referee by summary proceedings to direct it to pay this sum to the receiver and to return to him the steam shovel.

We have reviewed the testimony on this rule taken before the referee, and find that

by a bailment contract dated January 12, 1929, the Acme Equipment Company leased to the Shadeland Beach Improvement Company a steam shovel valued at $2,500, at certain stipulated rentals to be paid monthly, with option to purchase at any time during the terms of the lease; credit to be given on purchase price for the amount of the rentals paid. Default having been made in the payment of rentals on December 10, 1929, R. O. Murphy and another officer of the Acme Equipment Company went to the premises and demanded the shovel; and, having taken possession of it, they hauled it to a point where the railroad right of way cuts through the real estate of the Shadeland Beach Improvement Company. The Acme Equipment Company and the Shadeland Beach Improvement Company then commenced negotiations, whereby a written agreement was entered into on the 18th of December, 1929, wherein payments on account of lease were extended; $337.50 to be paid on the execution of the agreement, the receipt of which was acknowledged; $337.50 to be paid on the 20th of January, 1930; and $168.75 to be paid on the 20th of February, 1930, together with the costs of moving the shovel; $100 to be paid when a bill of sale was delivered for the shovel.

As we consider this agreement, the effect of it was to restore the possession of the shovel to the Shadeland Beach Improvement Company. Thereafter, the sheriff of Crawford County levied upon the steam shovel and advertised it for sheriff's sale as the property of the Shadeland Beach Improvement Company. Subsequently, on January 15, 1930, and before the second payment on the agreement of December 18th became due, an involuntary petition in bankruptcy was filed in this court, with the result that a receiver was appointed and the execution-creditor, who levied upon the steam shovel as the property of the Shadeland Beach Improvement Company, was restrained from further proceeding on said execution. The receiver then went into custody of the shovel.

Thereafter, on the 10th day of May, 1930, the Acme Equipment Company, without any petition on its part to reclaim this shovel from possession of the receiver in bankruptcy, undertook to take possession of it, remove it from the railroad premises, and lease it to a man by the name of Warren P. Smith. The receiver objected, and claims that an agreement was made between him and the Acme Equipment Company, whereby that company was to sell the shovel to him for $2,000, to collect the amount that was due the company under the agreement of December, 1929, and to turn the balance over to the receiver. The Acme Equipment Company denied the existence of that agreement. Nevertheless, the referee found that it was made, and, basing his findings upon the making of that verbal agreement, made the order here complained of, to the effect that, out of $1,200 which the Acme Company received on account of the steam shovel from Smith, it retain the amount that was due it under the contract of December 18, 1929, and certain expenses in regard to the shovel, and then pay the balance to the receiver.

Under this state of facts, we are of the opinion that this court is without power to make the summary order complained of. As we view the law, the remedy of the receiver was to exact an enforcement of his alleged verbal agreement against the Acme Company in a plenary suit for an accounting and assignment of the bailment contract with Smith; or, in view of the fact that this steam shovel was taken out of the custody of this court without any lawful order, the receiver might have recourse to recover the steam shovel from the person in whose possession it now unlawfully is.

As to which of these two methods should be followed, we express no opinion, for, as we view the fact, it is a subject for a plenary suit. Being of this opinion, the order of the referee complained of will be reversed and set aside.